IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00183-MR-WCM

| | |
|---|---|
| NATHAN BENJAMIN FRITOG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW SAUL, ) <br> Commissioner of the Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND RECOMMENDATION |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 13, 15), which have been referred to the undersigned pursuant to 28 U.S.C. § 636.

I. Procedural Background

Plaintiff Nathan Benjamin Fritog ("Plaintiff") filed an application for disability insurance benefits alleging disability beginning May 14, 2015. Transcript of the Administrative Record ("AR") at 188-189. Following a hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR at 22-41. The Appeals Council denied Plaintiff's request for review of that decision, AR at 1-6, and Plaintiff filed the instant action. Doc. 1. Accordingly, the ALJ's decision is the

1

Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 404.981.

## II. Five-Step Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. In this process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant

is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "degenerative joint disease of the right knee, right ulnar nerve impingement, right shoulder labral tear, right carpal tunnel syndrome, obstructive sleep apnea, migraine headaches, traumatic brain injury, affective disorder with depressive symptoms, and PTSD with social anxiety." AR at 27. The ALJ further found that Plaintiff had moderate limitations in his ability to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage himself. AR at 28-29. Additionally, the ALJ found that Plaintiff had the RFC to perform medium work with certain exertional and postural limitations and was limited to:

> simple, one-two step tasks at a reasoning level of 3 on a sustained basis for 8 hours a day, 5 days a week, with normal allowable breaks. He is limited to a low stress environment defined as nonproduction work, specifically with no fast paced production work like an assembly line where one has to produce a product in a high-speed manner. He is limited to no public contact and occasional coworkers and supervisor contact. He is limited to jobs that deal with things rather than people.

AR at 30.

3

Applying this RFC, the ALJ found that Plaintiff could perform representative jobs that existed in significant numbers in the national economy and therefore Plaintiff had not been under a disability from May 14, 2015 through the date of the ALJ's decision. AR at 41.

## IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

4

### V. Plaintiff's Assignment of Error

Plaintiff's single allegation of error is that the ALJ's finding that Plaintiff had the ability to do "jobs that deal with things rather than people" did not properly address Plaintiff's ability to stay on task. Doc. 14 at 12-15.

### VI. Analysis

An ALJ who finds a plaintiff has moderate limitations in concentration, persistence, or pace is not automatically required to include a corresponding limitation in the RFC. See Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020); Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). Rather, the ALJ has two options. The ALJ may either (1) include additional limitations in the claimant's RFC to account adequately for the particular mental limitations, or, in the alternative, (2) explain the decision not to limit Plaintiff's RFC further. Shinaberry, 952 F.3d at 121 (explaining that Mascio did not impose a categorical rule requiring a specific RFC regarding concentration, persistence, or pace and stating that an ALJ could explain why such a limitation was not necessary); Rivera v. Berryhill, No. 3:17-CV-00376-GCM, 2019 WL 355536, at *2 (W.D.N.C. Jan. 29, 2019).

Here, the ALJ found that Plaintiff was able to engage in "simple, one-two step tasks at a reasoning level of 3 on a sustained basis for 8 hours a day, 5 days a week, with normal allowable breaks." AR at 30. Additionally, the ALJ limited Plaintiff to work in a low stress environment (defined as an

5

environment with no fast-paced production work) with no public contact and occasional contact with coworkers and supervisors. AR at 30. Finally, the ALJ limited Plaintiff to jobs that "deal with things rather than people." AR at 30.

A limitation to working with things rather than people does not, on its face, appear to address moderate limitations in concentration, persistence, or the ability to maintain pace. See e.g., Locklear v. Colvin, No. 1:15-cv-233-GCM, 2016 WL 4180968, at *2 (W.D.N.C. Aug. 5, 2016) (without additional explanation, an RFC which limited plaintiff to simple, repetitive work and working with "things rather than people" did not address moderate limitations in concentration, persistence, or pace). Rather, such a limitation would generally appear to pertain to a claimant's ability to interact with others and handle stress. See e.g., Ferguson v. Berryhill, No. 1:18cv220-MOC, 2019 WL 2011055, at *4 (W.D.N.C. May 6, 2019) (explaining that limitation to work with things rather than people reasonably addressed plaintiff's difficulties with interaction).

In this case, the record suggests that the ALJ included this limitation to account for Plaintiff's difficulties in interacting with others. See AR at 33 (explaining that the state agency consultant concluded that Plaintiff was able to complete simple tasks in a less demanding work setting where a great deal of interpersonal interaction was not required despite moderate difficulties regarding social limitations); AR 29 (explaining that a state agency consultant

6

found claimant may have some trouble handling highly stressful situations but should be able to tolerate more routine workplace demands).

However, the ALJ included other limitations in the RFC which do appear designed to address Plaintiff's particular limitations in concentrating, persisting, or maintaining pace. For example, the ALJ found that Plaintiff could complete certain simple, one-two step tasks "on a sustained basis for 8 hours a day, 5 days a week, with normal allowable breaks." AR at 30. See O'Dell v. Saul, No. 5:20-cv-00048-KDB, 2021 WL 1233480, at *4 n.3 (W.D.N.C. April 1, 2021) (ALJ's assessment that plaintiff could stay on task for two-hour intervals established that plaintiff could work for an entire eight-hour day and explaining that Social Security Regulations state that a normal workday includes a morning break, a lunch period, and an afternoon break, at approximately two-hour intervals) (citing S.S.R. 96-6P, 1996 WL 374185, at *6 (July 2, 1996); Wilson v. Saul, No. 1:19CV1089, 2020 WL 6293132, at *4 (M.D.N.C. Oct. 27, 2020)); Beasley v. Berryhill, No. 1:17-CV-00294-RJC, 2019 WL 1330928, at *5 (W.D.N.C. Mar. 25, 2019) ("Because the ALJ's limitation of two-hour work segments addressed the moderate CPP limitations, the Court does not find reversible error in the ALJ's failure to address Plaintiff's ability to complete a full workday"); Scott v. Berryhill, 1:16cv48, 2017 WL 500000, at *8 (M.D.N.C. Feb. 7, 2017) (finding ALJ accounted adequately for plaintiff's moderate difficulties in concentration, persistence, or pace when ALJ expressly

7

found in the RFC that "despite moderate limitation in CPP, Plaintiff retained the ability to 'maintain [CPP] to stay on task for 2-hour periods over the course of a typical 8-hour workday in order to perform'" specific, identified types of tasks).

Further, Plaintiff's RFC includes additional non-exertional limitations. In developing that RFC, the ALJ assigned "significant weight" to the opinion of state agency consultant, Dr. Brett Fox, and explained that although Dr. Fox found Plaintiff's attention and concentration "may vary, they were sufficient for the completion of simple tasks" and that while Plaintiff's persistence and pace "may vary also…they should be sufficient for the completion of simple work related activities." AR at 33-34 (citing AR 100).

The ALJ also engaged in a substantive discussion of Plaintiff's longitudinal mental health treatment records, which he explained showed Plaintiff's "improvement over his course of treatment." AR at 34, and reflected Plaintiff's ability to provide childcare for his stepson and another child, and that Plaintiff was enjoying life with his new baby, had plans to drive to Oregon with a good friend, and was doing well. AR at 34; see also AR at 38-39 (discussing treatment records reflecting that Plaintiff was a stay-at-home dad, was busy with his nonprofit, and was able to camp, hike, and travel out of state and explaining that "these activities which require…[the] ability to focus,

8

Case 1:20-cv-00183-MR-WCM   Document 18   Filed 06/28/21   Page 8 of 10

concentrate, and pay attention" persuaded the ALJ that disability opinions rendered by the Veterans Administration were not support by the evidence).

Plaintiff has not challenged these findings and conclusions which are pertinent to his ability to concentrate, persist, and maintain pace.

The undersigned therefore concludes that the ALJ's decision was supported by substantial evidence and based on the correct application of the law.

### VII. Recommendation

Considering the foregoing, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 13) be **DENIED**, and that the Commissioner's Motion for Summary Judgment (Doc. 15) be **GRANTED.**

Signed: June 28, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).