IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00183-MR-WCM

| | |
|---|---|
| NATHAN BENJAMIN FRITOG, ) ) Plaintiff, ) ) vs. ) ) KILOLO KIJAKAZI,[1] Acting ) Commissioner of Social Security, ) ) Defendant. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc. 20]; the Magistrate Judge's Memorandum and Recommendation [Doc. 18] regarding the disposition of the parties' cross-motions for summary judgment [Docs. 13, 15]; and the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 19].

I.  **BACKGROUND**

On July 19, 2016, the Plaintiff Nathan Fritog ("Plaintiff") filed an application for disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of May 14, 2015. [Transcript

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021 and is therefore substituted in this action as the named defendant. See Fed. R. Civ. P. 25(d).

("T.") at 188-89]. The Plaintiff's claims were initially denied on August 23, 2016 and upon reconsideration on July 25, 2017. [T. at 87, 104]. Upon the Plaintiff's request, a hearing was held on January 31, 2019 before an Administrative Law Judge ("ALJ"). [T. at 47]. On April 24, 2019, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of May 14, 2015. [T. at 22-41]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner of the Social Security Administration. [T. at 1-3]. At such time, the Plaintiff had exhausted all administrative remedies, and his case became ripe for review by this Court pursuant to 42 U.S.C. § 405(g).

The Plaintiff filed his Complaint on July 9, 2020, alleging that the denial of disability insurance benefits was not supported by substantial evidence. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on January 14, 2021. [Doc. 8]. Thereafter, each party moved for summary judgment. [Docs. 13, 15].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the parties' cross-motions for summary judgment and to submit a recommendation for the disposition of those

motions. On June 28, 2021, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Court grant the Commissioner's Motion for Summary Judgment and deny the Plaintiff's Motion for Summary Judgment. [Doc. 18].

The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. On July 12, 2021, the Plaintiff filed his Objections to the Memorandum and Recommendation. [Doc. 19]. On July 15, 2021, the Commissioner replied to the Plaintiff's Objections. [Doc. 21].

On July 12, 2021, the Plaintiff filed a Motion to Remand this case for a new hearing in front of a new ALJ, arguing that such relief was required because the Commissioner was unconstitutionally protected from presidential removal at the time the Plaintiff was denied disability insurance benefits. [Doc. 20]. The Plaintiff further requested an Order staying all proceedings for a period of thirty days to provide an opportunity for the parties to brief the constitutional issue raised in the Motion to Remand. [Id.].

On July 26, 2021, the Commissioner consented to the Plaintiff's request to stay proceedings in this case for thirty days. [Doc. 23]. On August 27, 2021, the Court issued an Order staying the proceedings for a period of thirty days and ordering supplemental briefing from both parties on the

3

constitutional issue requiring the stay. [Doc. 24]. On September 17, 2021, the Plaintiff filed his supplemental brief. [Doc. 25]. On October 7, 2021, the Commissioner filed her supplemental brief. [Doc. 26].

## II. DISCUSSION

### A. The Motion to Remand

The Plaintiff argues that his case should be remanded for a new hearing in front of a new ALJ because, at the time the Plaintiff was denied benefits, the Commissioner was only removable upon a finding "of neglect or malfeasance in office."[2] 42 U.S.C. § 902(a)(3); [see Docs. 20, 21, 25]. According to the Plaintiff, such restriction on the President's ability to remove the Commissioner violated constitutional separation of powers and left the ALJ and Appeals Council without valid authority to deny the Plaintiff's application for disability benefits.

Under Article II of the Constitution, the President retains the power to remove the heads of executive agencies. Seila L. LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183, 2191 (2020). Generally, a statutory provision that restricts the President's ability to remove the head of a particular agency

---

[2] "An individual serving in the office of Commissioner [of the Social Security Administration] may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office." 42 U.S.C. § 902(a)(3).

is unconstitutional.[3] Collins v. Yellen, 141 S. Ct. 1761, 1786-87 (2021). The presence of an unconstitutional removal restriction, however, does not void the *authority* held by the head of an agency or her subordinate executive officers—in this case the Social Security Administration's ALJs. Id. at 1787-88 & n.23. Where executive officers have been *constitutionally appointed*,[4] their authority to issue binding judgments is valid, regardless of any removal restriction. Id. As such, a plaintiff seeking relief from a judgment issued by a constitutionally appointed executive officer based upon the presence of an unlawful removal restriction must *trace* the harm of which she complains to the removal restriction itself. Id. at 1789; see also Calcutt v. Fed. Deposit Ins. Corp., 37 F.4th 293, 316 (6th Cir. 2022) ("Collins thus provides a clear instruction: To invalidate an agency action due to a removal violation, that constitutional infirmity must "cause harm" to the challenging party." (quoting Collins, 141 S. Ct. at 1789)); accord Kaufmann v. Kijakazi, 32 F.4th 843, 849

---

[3] The Supreme Court has "recognized only two exceptions to the President's unrestricted removal power," none of which are before the Court in this matter. Seila, 140 S. Ct. at 2192 (citing Humphrey's Ex'r v. United States, 295 U.S. 602 (1935); United States v. Perkins, 116 U.S. 483 (1886); Morrison v. Olson, 487 U.S. 654 (1988)).

[4] The Appointments Clause of Article II "prescribes the exclusive means of appointing [executive] '[o]fficers.'" Lucia v. SEC, 138 S. Ct. 2044, 2051 (2018). Under such Clause, "[o]nly the President, a court of law, or a head of department can" appoint executive officers. Id. (citing U.S. Const. art. II, § 2, cl. 2).

5

(9th Cir. 2022); Bhatti v. Fed. Housing Fin. Agency, 15 F.4th 848, 854 (8th Cir. 2021).

"On July 16, 2018, . . . the [Social Security Administration's] Acting Commissioner pre-emptively 'address[ed] any Appointments Clause questions involving Social Security claims' by 'ratif[ying] the appointments' of all [Social Security Administration] ALJs and 'approv[ing] those appointments as her own.'" Carr v. Saul, 141 S. Ct. 1352, 1357 (2021) (citation omitted). This ratification cured all potential Appointments Clause challenges related to SSA disability decisions handed down after that date, including the Plaintiff's. See Probst v. Saul, 980 F.3d 1015, 1024-25 (4th Cir. 2020). Accordingly, the Plaintiff cannot obtain relief from the denial of benefits unless he demonstrates that the restriction upon the President's ability to remove the Commissioner affected the ALJ's denial of benefits or the Appeals Council's affirmance of such decision. See Collins, 141 S. Ct. at 1789.

The Plaintiff attempts to establish such causal connection stating, "[w]e thus suggest that essentially political judgments have been made by the now replaced Commissioner of Social Security, which have personally impacted the processing of this Plaintiff's disability claim . . . ." [Doc. 25 at 4]. This assertion, however, does not connect the denial of disability benefits to the

Commissioner's insulation from removal. See Collins, 141 S. Ct. at 1789 (providing examples of where a removal restriction may cause a plaintiff harm, such as if the President attempted to remove the agency's head but was unable to do so based upon the restriction). There are no allegations, for example, that the President sought to remove the Commissioner during the pendency of the Plaintiff's disability claim but was unable to do so, or even dissuaded from doing so, based on the removal restriction in 42 U.S.C. § 902(a)(3). See id. Moreover, the Plaintiff makes no allegation that the Commissioner's insulation from removal affected how the ALJ or Appeals Council adjudicated the Plaintiff's disability claim. See Kaufmann, 32 F.4th at 850 ("Claimant does not assert, for example, that . . . the Commissioner directed the Appeals Council to decide her case in a particular way because of the statutory limits on the President's removal authority."). As such, the Plaintiff has failed to trace his denial of benefits to the removal restriction of which he complains.[5]  Therefore, the Motion to Remand is denied.

---

[5] Because the Plaintiff has not traced his denial of benefits to the removal restriction in 42 U.S.C. § 902(a)(3), as required by Collins, the Court need not decide whether § 902(a)(3) violates separation of powers. 141 S. Ct. 1789. The Court recognizes, however, that the U.S. Court of Appeals for the Ninth Circuit has held that such provision "violates separation of powers principles." Kaufmann, 32 F.4th at 849. The Commissioner does not contest such conclusion. [See Doc. 26 at 2].

## B. The Memorandum and Recommendation

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

The Plaintiff presents two objections to the Memorandum and Recommendation. In his first Objection, the Plaintiff argues that the Magistrate Judge improperly characterized the error that the Plaintiff assigned to the ALJ's decision. [Doc. 19].

In his summary judgment brief, the Plaintiff presented this issue as follows:

> ALJ Wilson committed error to the prejudice of the Plaintiff in his evaluation of the Plaintiff's vocational capacity, both in his hypothetical questions propounded to the vocational witness and his conclusions reached from that testimony, all in violation of the standards set out in <u>Mascio v. Colvin</u>, 780 F.3d 632 (4th Cir. 2015) and the extensive case law subsequent to <u>Mascio</u>, which is familiar to the Court.
>
> We respectfully suggest that the limitation in the first hypothetical question to the [sic] Mr. Mark Leaptrot, the vocational expert, that the hypothetical individual would be limited to working with "things and not people" violates the principles mandated in <u>Mascio v. Colvin</u>.

[Doc. 14 at 12-13]. According to the Plaintiff, the ALJ's restriction of his Residual Functional Capacity ("RFC") to jobs that deal with "things and not [with] people" was insufficient to account for his limitations regarding concentration, persistence, and pace. [Id. at 13-14].

In his Memorandum and Recommendation, the Magistrate Judge characterized the Plaintiff's assignment of error as follows: "[The] Plaintiff's single allegation of error is that the ALJ's finding that [the] Plaintiff had the ability to do 'jobs that deal with things rather than [with] people' did not properly address [the] Plaintiff's ability to stay on task." [Doc. 18 at 5 (citing Doc. 14 at 12-15)].

9

The argument presented by the Plaintiff turned on whether the RFC adequately accounted for the Plaintiff's concentration, persistence, and pace limitations—otherwise stated as his difficulty with staying on task. Recognizing as much, the Magistrate Judge framed the question presented as whether the ALJ's finding that the Plaintiff had the ability to do "jobs that deal with things rather than [with] people" properly accounted for the Plaintiff's difficulty with staying on task. The Plaintiff has failed to explain how the Magistrate Judge misapprehended the relevant inquiry. Therefore, this first objection is overruled.

In his second Objection, the Plaintiff argues that the ALJ erred "in his evaluation of the notes of the treating clinician, Carolyn Brown, LCSW, on October 24, 2016, [and] failed to give the weight to this clinician's opinion as required by" Arakas v. Commissioner of Social Security Administration, 983 F.3d 83 (4th Cir. 2020). The Plaintiff, however, did not raise this argument in his summary judgment brief. "The Court is not obligated to consider new arguments raised by a party for the first time in objections to the Magistrate's Report." Dune v. G4s Regulated Sec. Sols., Inc., No. 0:13-CV-01676-JFA, 2015 WL 799523, at *2 (D.S.C. Feb. 25, 2015). "Allowing parties . . . to raise new issues or arguments at any point in the life of a case would result in a needless complication of litigation. Parties should fully plead their claims,

and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them." Keitt v. Ormond, No. 5:06-CV-01069, 2008 WL 4964770, at *2 (S.D.W. Va. Nov. 13, 2008). While the Court has the inherent power to address such arguments, the Court may in its discretion decline to do so. ContraVest Inc. v. Mt. Hawley Ins. Co., 273 F. Supp. 3d 607, 620 (D.S.C. 2017).

The Plaintiff has offered no explanation for his failure to raise this issue before the Magistrate Judge. The Court in its discretion therefore declines to address the Plaintiff's argument. The Plaintiff's second "objection" is overruled.

After careful review of the Memorandum and Recommendation and the Plaintiff's Objections thereto, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court hereby overrules the Plaintiff's Objections and accepts the Magistrate Judge's recommendations that the Plaintiff's Motion for Summary Judgment be denied and that the Defendant's Motion for Summary Judgment be granted.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Motion to Remand [Doc. 20] is **DENIED**;

(2) The Plaintiff's Objections to the Memorandum and Recommendation [Doc. 19] are **OVERRULED**; and

(3) The Memorandum and Recommendation [Doc. 18] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 13] is **DENIED**, and the Defendant's Motion for Summary Judgment [Doc. 15] is **GRANTED**.

**IT IS SO ORDERED.** Signed: September 25, 2022

Martin Reidinger
Chief United States District Judge